USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
EDELIAS RODRIGUEZ OTERO, :
:
                                        Plaintiff, :        20-CV-7612 (VEC)
:
      -against- :        ORDER ADOPTING
:        REPORT &
KILOLO KIJAKASI, :        RECOMMENDATION
:
                                        Defendant. :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on September 16, 2020, Plaintiff Edelias Rodriguez Otero filed a complaint against the Commissioner of Social Security[1] and the Social Security Administration ("SSA"), seeking review of the SSA's denial of his application for supplemental security income, Dkt. 1;

       WHEREAS on September 21, 2020, the Court referred this case to Magistrate Judge Freeman for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 9;

       WHEREAS on July 13, 2021, Plaintiff moved for a judgment on the pleadings, Dkt. 25;

       WHEREAS on December 9, 2021, Defendants cross-moved for a judgment on the pleadings, Dkt. 30;

       WHEREAS on March 1, 2022, Judge Freeman entered an R&R, recommending that Plaintiff's motion be granted, Defendants' motion be denied, and that the case be remanded to the SSA for further proceedings, Dkt. 36;

---

[1] The complaint was filed against Andrew M. Saul, who was the Commissioner of Social Security at the time. *See* Compl., Dkt. 1. Kilolo Kijakazi is currently the Commissioner of Social Security. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for named Defendant Andrew M. Saul.

WHEREAS in the R&R, Judge Freeman notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 52;

WHEREAS Judge Freeman further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review, *id.* at 52–53;

WHEREAS no objections were filed by either party;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when, as here, no party objects to the R&R, the Court may accept the R&R provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error;

IT IS HEREBY ORDERED that the R&R is adopted in full, Plaintiff's motion for judgment on the pleadings is GRANTED, Defendants' cross-motion for judgment on the pleadings is DENIED, and this case is REMANDED to the Social Security Administration for additional proceedings.

IT IS FURTHER ORDERED that, for the reasons discussed in the R&R, the Administrative Law Judge is respectfully directed:

(1) to conduct a more complete assessment of the opinion evidence in the Record, by

    (a) evaluating Nurse Practitioner Stevenson's and licensed clinical social worker Santiago-Casiano's opinions separately, with separate consideration of whether those opinions are well supported by the two providers' underlying clinical treatment notes;

    (b) considering the extent to which Dr. Schaich's opinion is supported by the objective medical evidence and explains the bases of its support; and

    (c) evaluating Dr. Weiss's opinion;

(2) to review the entirety of available medical evidence, focusing on evidence from the relevant period, in assessing whether Plaintiff meets the Paragraph B criteria, rather than cherry-picking from a few treatment notes;

(3) to base his assessment of Plaintiff's Paragraph B limitations on medical opinions in the Record, rather than on his own lay opinion;

(4) to provide a detailed assessment as to whether Plaintiff satisfies the Paragraph C criteria for the pertinent listings;

(5) to re-evaluate Plaintiff's RFC, after properly considering the opinion evidence, and reconsider, in light of that evidence, whether the RFC should include limitations in Plaintiff's ability to interact with coworkers and supervisors and in his ability to be regularly present for work, to arrive to work on time, and to remain on-task during the work day; and

(6) to consider whether Plaintiff meets the criteria for Listing 12.03.

IT IS FURTHER ORDERED that because the R&R gave the parties adequate warning, *see* R&R, Dkt. 36 at 52–53, the failure to file any objections to the R&R precludes appellate

review of this decision.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Clerk of Court is respectfully directed to replace named Defendant Andrew M. Saul with the current Commissioner of Social Security, Kilolo Kijakasi.  The Clerk is further directed to enter judgment and to remand this matter to the Commissioner of Social Security.  The Clerk is further directed to terminate all open motions and to close this case.

**SO ORDERED.**

Date:  March 30, 2022
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**