```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDELIAS RODRIGUEZ OTERO,
                                Plaintiff,                          20 **CIVIL** 7612 (VEC)

              -against-                                **JUDGMENT**

KILOLO KIJAKASI,
                              Defendant.
------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated March 30, 2022, the R&R is adopted in full, Plaintiff's motion for judgment on the pleadings is GRANTED, Defendants' cross-motion for judgment on the pleadings is DENIED, and this case is REMANDED to the Social Security Administration for additional proceedings. For the reasons discussed in the R&R, the Administrative Law Judge is respectfully directed: (1) to conduct a more complete assessment of the opinion evidence in the Record, by (a) evaluating Nurse Practitioner Stevenson's and licensed clinical social worker Santiago-Casiano's opinions separately, with separate consideration of whether those opinions are well supported by the two providers' underlying clinical treatment notes; (b) considering the extent to which Dr. Schaich's opinion is supported by the objective medical evidence and explains the bases of its support; and (c) evaluating Dr. Weiss's opinion; (2) to review the entirety of available medical evidence, focusing on evidence from the relevant period, in assessing whether Plaintiff meets the Paragraph B criteria, rather than cherry-picking from a few treatment notes; (3) to base his assessment of Plaintiff's Paragraph B limitations on medical opinions in the Record, rather than on his own lay opinion; (4) to provide a detailed assessment as to whether Plaintiff satisfies the Paragraph C criteria for the pertinent listings; (5) to re-

evaluate Plaintiff's RFC, after properly considering the opinion evidence, and reconsider, in light of that evidence, whether the RFC should include limitations in Plaintiff's ability to interact with coworkers and supervisors and in his ability to be regularly present for work, to arrive to work on time, and to remain on-task during the work day; and (6) to consider whether Plaintiff meets the criteria for Listing 12.03. Because the R&R gave the parties adequate warning, see R&R, Dkt. 36 at 52–53, the failure to file any objections to the R&R precludes appellate review of this decision. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); accordingly, the case is closed.

**Dated:** New York, New York
March 31, 2022

**RUBY J. KRAJICK**

**BY:** _____
**Clerk of Court**
*Kmango*
**Deputy Clerk**